FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2016 JUN -6 AM 10: 08

STEPHAN HARRIS, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| GEORGE JAMES ) | |
| ) | Case Number: |
| PLAINTIFF, ) | |
| ) | 16-CV-144-S |
| vs. ) | |
| ) | |
| MACHOL & JOHANNES, LLC ) | |
| and JANAE RUPPERT, INDIVIDUALLY ) | **JURY TRIAL DEMANDED** |
| ) | |
| DEFENDANTS. ) | |

## COMPLAINT

Comes now the Plaintiff, George James (hereinafter "James"), pro se, and for his Complaint against Defendants Machol & Johannes, LLC (hereinafter "Machol") and Janae Ruppert, individually (hereinafter "Ruppert"), and respectfully states as follows:

## INTRODUCTION

Plaintiff brings this Complaint seeking statutory and actual damages, as well as attorney fees and costs, for violations of the *Fair Debt Collection Practices Act* (hereinafter "FDCPA ") *§15 U.S.C. 1692 et seq.*, and Wyoming Collection Agency Act, Chapter 4, Section 6 of the Rules & Regulations of the Collection Agency Board creates a state cause of action and private right of action for damages for conduct that violates the provisions of the "Fair Debt Collection Practices Act (FDCPA) as issued and amended as of October 13, 2006, and contained in Title I of the Consumer Credit Protection Act (15 U.S.C. 1601 et seq.)."(hereinafter "Regulations").

## JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court by the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367. This honorable Court is a Court of competent jurisdiction which has original jurisdiction over Plaintiff's federal claims and is authorized by the FDCPA to hear and adjudicate Plaintiffs claims against Defendants.

2. As Plaintiff's state claim is related to Plaintiff's federal claims, are inextricably entwined and arise out of a common nucleus of related facts, this Court has supplemental jurisdiction to hear Plaintiff state claim against Defendants.

3. Plaintiff state claim is related to Plaintiff federal claims as those claims form part of the same case of controversy under Article III of the United States Constitution.

4. Plaintiff state claim is not complex or novel and is straightforward.

5. Venue is proper as all alleged conduct by Defendants took place in Cheyenne, Wyoming, while the Plaintiff was residing in Cheyenne, Wyoming, and/or the Defendants have availed themselves of jurisdiction in this venue by conducting business therein.

## PARTIES

6. James is an individual, natural person, and a consumer, residing in Cheyenne, Wyoming; and was an "individual", "natural person" and a "consumer", at all times as alleged in this Complaint.[1]

7. MACHOL, located at 104 W. 17th Street, Cheyenne, Wyoming, is a "debt collector", in so far as "debt collector" is defined pursuant to *15 U.S.C. §1692a(6)*[2], who regularly engages is

---

[1] 15 U.S.C. § 1692a(3) defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.
[2] 15 USC. §1692a(6) defines a "debt collector" as any person who uses any instrumentality of interstate commerce

consumer-debt-collection activity.

8. Ruppert, located at 104 W. 17th Street, Cheyenne, Wyoming, is a natural person, an employee of MACHOL, and at all times as alleged in this Complaint was acting as a debt collector, in so far as debt collector is defined by the FDCPA.

### RELEVANT PRECEDENT & STATUTORY STRUCTURE OF THE FDCPA

9. James incorporates by reference and re-alleges paragraphs (1) through (8).

10. The FDCPA is a strict liability statute that covers both intentional and unintentional violations.[3]

11. Courts are to employ and use the "least sophisticated consumer" standard when analyzing FDCPA claims, and whether conduct violates the FDCPA is to be determined by analyzing the conduct from the perspective of the least sophisticated consumer.[4]

12. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 US C. *§1692f*.[5]

13. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, the debt collector *shall not* [emphasis added] communicate further with the consumer with respect to such debt, except-

---

or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

[3] Johnson v. Riddle, 305 F.3d 1107 (10th Cir. 2002); Strand v. Diversified Collection Serv., Inc., 380 F.3d 316,317 (8th Cir. 2004).

[4] Fouts v. EXPRESS RECOVERY SERVICES, INC., No. 14-4046 (10th Cir. Feb. 3, 2015); Freyermuth v. Credit Bureau Servs Inc., 248 F.3d 767, 771 (8th Cir. 2001) (quoting Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir.2000).

[5] "Statutory proscriptions using general terms such as unfairness are to be given effect by considering public values beyond simply those enshrined in the letter or encompassed in the spirit of the statute." Federal Trade Commission v. Sperry & Hutchinson Co., 405 U.S. 233 S. Ct. (1972).

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to advise the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. *15 US.C. § 1692(c)*.

14. A debt collector's response to a "cease communication" [refusal to pay] notice from the consumer may not include a request for payment. Federal Trade Commission Staff Commentary on the FDCPA, April 20, 2014; see also, Lewis v. ACB Business Services Inc. 135 F.3d 389 (6th Cir. 1998).

15. The bona fide error defense is limited to clerical errors. Picht v. Jon R. Hawks, Ltd., 236, 3d 446,451 (8th Cir. 2001).[6]

16. Under the FDCPA, *15 U.S.C. §1692k(a)(2)*, any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for statutory damages up to $1,000.

17. Under the FDCPA, *15 U.S.C. § 1692k(a)(1)*, any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for actual damages.

---

[6] This case presents the question whether the "bona fide error" defense applies to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA. **"We conclude it does not."** [emphasis added] Jerman v.Carlisle, McNellie, Rini, Kramer & Ulnch LPA, No. 08-1200,130 S. Ct. 1605; 176 LEd. 2D 519; 2010 U.S. Lexis 3480; (April 21, 2010).

18. An employee of a debt collector is jointly and severally liable for conduct that violates the FDCPA.[7]

19. In the case of a successful action to enforce the foregoing liability, a debt collector is liable for the costs of the action, together with a reasonable attorney's fee as determined by the court. *15 U.S.C. §1692k(a)(3)*.

## FACTS COMMON TO ALL COUNTS

20. James incorporates by reference and re-alleges paragraphs (1) through (19).

21. On or about February 16, 2016, MACHOL sent an initial communication, dunning letter, to James, alleging James owed a consumer debt[8] to Capital One Bank.[9]

22. Under the FDCPA, MACHOL's dunning letter was an initial communication to James.

23. MACHOL's communication requested payment of James.

24. On or about March 7, 2016, James sent a letter to MACHOL, in response to MACHOL's dunning letter.[10]

25. Among other things, James clearly communicated to MACHOL the he refused to pay the debt.

26. MACHOL received James's refusal to pay letter March 9, 2016.

---

[7] Krapf v. Profl Collection Servs., Inc., 525 Supp. 2d 3324 (E.D.N.Y. 2007)(Employees of the debt collector personally involved with the violative conduct are personally liable under the FDCPA)); Ohlson v. Cadle Co. 2006 WL 721505 (E.D.N.Y. Mar 21, 2006)(rejecting the defendant's contention that only collection agencies, and not individuals, are liable under the FDCP A, holding to the contrary "that officers and employees of the debt collecting agency may be jointly and severally liable with the agency where they have affirmatively acted".))
[8] *15 US.C. 1692a(5)* defines a "debt" as "[a]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.
[9] Capital One Bank is a national bank that allegedly extended credit to James.
[10] James sent his letter certified mail # 7011 0470 0003 6223 9261

27. On or about May 5, 2016, MACHOL sent a communication to James, which James received on or about May 10, 2016.

28. MACHOL's letter advised James they were inducing the court for a default judgment.

29. MACHOL's letter was signed:

Janae Ruppert

## COUNT ONE, VIOLATIONS OF THE FDCPA

30. James incorporates by reference and re-alleges paragraphs (1) through (29). The Defendants violation of the FDCPA include but are not limited to the following:

31. MACHOL and Ruppert violated the FDCPA, specifically, *15 USC. § 1692(c)*. James informed MACHOL in writing, and which MACHOL received, that he refused to pay the alleged debt MACHOL owed to another party; however, irrespective of James's cease communications directive which was invoked by James's refusal to pay letter, MACHOL and Ruppert did not cease communications with James, and responded to James's refusal to pay letter with a tactic being used to try and solicit payment, and therefore is a communication in connection with the collection of a debt.

32. MACHOL's response to James's refusal to pay letter was not one of the narrowly defined exceptions under the FDCPA that would have made MACHOL's letter legal under the FDCPA.

33. James never communicated a clear waiver of her cease communication order.[11]

---

[11] "Other than as permitted by 1692c(c), a debt collector who has received a cease communications order from a debtor must not contact the debtor unless it has received a "clear" waiver of that order." See, Clark v. Capital Credit &Collection Services, 460 F.3d 1162 (2006); and Herbert v. Monterey Financial Services. Inc., 863 F.Supp. 76 (D. Conn. 1994).

34. Regardless of MACHOL and Ruppert's intent, the FDCPA is a strict liability statute and a debt collector's misinterpretation of the legal requirements under the FDCPA is not eligible for the bona fide error defense.[12]

> Congress responded to "abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors," 15 U.S.C. § 1692(a), by enacting a comprehensive, detailed remedial scheme that imposes civil liability on debt collectors who engage in a range of prohibited conduct, without regard to their knowledge or intent. See Russell v. Equifax A.RS., 74 F.3d 30 (2d Cir. 1996) ("Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages").

## COUNT TWO, VIOLATIONS OF THE REGULATIONS

35. James incorporates by reference and re-alleges paragraphs (1) through (37). The Defendants violation of the Regulations include but are not limited to the following:

36. MACHOL and Ruppert's violation of the FDCPA is a per se violation of the Regulations[13] reporting whatever information, a creditor furnished is not reasonable." See, Swoager v. Credit Bureau, 608 F. Supp. 972, 976 (D.C. Fla. 1985).

## REQUEST FOR RELIEF

37. James incorporates by reference and re-alleges paragraphs (1) through (36).

38. James prays for statutory damages against Defendant MACHOL, in the amount of $1,000.00 for violating the FDCPA.

---

[12] Jerman v. Carlisle, McNellie, Rini, Kramer & Ulnch LPA, Supreme Court of the United States, No. 08-1200, 130, 1605; 176 L.Ed. 2D 519; 2010 Lexis 3480 (April 21, 2010); see also, Owen v. LC. System, Inc., 629 F.3d 1263 (11th Cir. 2011) ("The FDCPA's bona fide error defense does not shield the debt collector from liability when it relies on information from the creditor in sending collection letters demanding payment."))

[13] The Regulations adopt the FDCPA.

39. James prays for statutory damages against Defendant Ruppert, in the amount of $1,000.00 for violating the FDCPA.

40. James prays for actual damages against Defendant MACHOL, in an amount to be proven at trial, for violations of the Regulations.

41. James prays for actual damages against Defendant Ruppert, in an amount to be proven at trial, for violations of the Regulations.

42. James prays for reasonable attorney's fees and costs, against all Defendants, pursuant to the FDCPA and Regulations.

43. Such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Rachel James hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

Date: June 6, 2016

George James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
gjames1@gmail.com
307-635-3119