Henry F. Bailey, Jr. #5-1681
Ronald J. Lopez, #7-4697
Bailey | Stock | Harmon | Cottam P.C.
P.O. Box 1557
Cheyenne, WY 82003-1557
(307) 638-7745
(307) 638-7749

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GEORGE JAMES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 16-CV-144-S ) ) |
| MACHOL & JOHANNES, LLC and JANAE RUPPERT, Individually, | ) ) ) |
| Defendants. | ) ) |

## ANSWER TO COMPLAINT

For their answer to Plaintiff's Complaint, Defendants Machol & Johannes, LLC and Janae Ruppert, by and through their counsel, Bailey | Stock | Harmon | Cottam P.C., state as follows:

### INTRODUCTION

To the extent Plaintiff's "Introduction" contains assertions of a violation of the FDCPA and the Wyoming Collection Agency Act, Defendants deny any and all allegations of any violations.

### JURISDICTION AND VENUE

1.  Answering paragraph 1 of Plaintiff's Complaint, Defendants admit this Court has jurisdiction over the claims asserted by Plaintiff, denying, however, that Defendants have violated any of the laws or regulations cited by Plaintiff.

2. Defendants admit Plaintiff has stated a state claim, but Defendants deny the remaining allegations of paragraph 2 of the Complaint.

3. Defendants assert that paragraph 3 of the Complaint states a legal conclusion for which no answer or response is necessary. To the extent that an answer or response is required, Defendants deny the allegations in paragraph 3 of the Complaint.

4. Defendants assert that paragraph 4 of the Complaint states a legal conclusion for which no answer or response is necessary. To the extent that an answer or response is required, Defendants deny the allegations in paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, Defendants admit that venue is proper.

## PARTIES

6. Defendants assert that paragraph 6 of the Complaint contains terms of art, to which legal conclusions are required. Therefore, Defendants believe no response is necessary. To the extent that an answer or response is required, Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants assert that paragraph 7 of the Complaint states a legal conclusion for which no answer or response is necessary. To the extent that an answer or response is required, Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants assert that paragraph 8 of the Complaint states a legal conclusion for which no answer or response is necessary. To the extent that an answer or response is required, Defendants deny the allegations in paragraph 8 of the Complaint.

## RELEVANT PRECEDENT & STATUTORY STRUCTURE OF THE FDCPA

Specific answers to Paragraphs 10-19 are set forth below. However, as a general response to those paragraphs, they violate Rule 8(a)(2) of the Federal Rules of Civil

**Procedure.**

9. Defendants restate and incorporate by reference all of the answers in paragraphs 1 through 8, inclusive.

10. Defendants assert that paragraph 10 of the Complaint states a legal conclusion for which no answer or response is necessary. To the extent that an answer or response is required, Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants assert that paragraph 11 of the Complaint states a legal conclusion for which no answer or response is necessary. To the extent that an answer or response is required, Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants assert that paragraph 12 of the Complaint states a legal conclusion for which no answer or response is necessary. To the extent that an answer or response is required, Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants assert that paragraph 13 of the Complaint states a legal conclusion for which no answer or response is necessary. To the extent that an answer or response is required, Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants assert that paragraph 14 of the Complaint states a legal conclusion for which no answer or response is necessary. To the extent that an answer or response is required, Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants assert that paragraph 15 of the Complaint states a legal conclusion for which no answer or response is necessary. To the extent that an answer or response is required, Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants assert that paragraph 16 of the Complaint states a legal conclusion for which no answer or response is necessary. To the extent that an answer or response is required,

Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants assert that paragraph 17 of the Complaint states a legal conclusion for which no answer or response is necessary. To the extent that an answer or response is required, Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants assert that paragraph 18 of the Complaint states a legal conclusion for which no answer or response is necessary. To the extent that an answer or response is required, Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants assert that paragraph 19 of the Complaint states a legal conclusion for which no answer or response is necessary. To the extent that an answer or response is required, Defendants deny the allegations in paragraph 19 of the Complaint.

## FACTS COMMON TO ALL COUNTS

20. Defendants restate and incorporate by reference all of the answers in paragraphs 1 through 19, inclusive.

21. Answering paragraph 21 of Plaintiff's Complaint, Defendants admit that on or about February 16, 2016, Defendants sent an initial communication to Plaintiff. Defendants further assert that the document referenced in paragraph 21 of the Complaint speaks for itself and no answer or response is necessary. Defendants deny the remaining allegations contained in paragraph 21 of the Complaint. Further, Defendants deny any assertion, insinuation, or allegation by Plaintiff with the use of the word "dunning."

22. Defendants assert that paragraph 22 of the Complaint states a legal conclusion for which no answer or response is necessary. To the extent that an answer or response is required, Defendants deny the allegations in paragraph 22 of the Complaint. Further, Defendants deny any assertion, insinuation, or allegation by Plaintiff with the use of the word "dunning."

23. Defendants assert that the document referenced in paragraph 23 of the Complaint speaks for itself and no answer or response is necessary. Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24. Defendants assert that the document referenced in paragraph 24 of the Complaint speaks for itself and no answer or response is necessary. Defendants deny the remaining allegations contained in paragraph 24 of the Complaint. Further, Defendants deny any assertion, insinuation, or allegation by Plaintiff with the use of the word "dunning."

25. Defendants assert that the document referenced in paragraph 25 of the Complaint speaks for itself and no answer or response is necessary. Defendants deny the remaining allegations contained in paragraph 25 of the Complaint.

26. Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 26 of the Complaint. To the extent that an answer or response is required, Defendants deny the allegations in paragraph 26 of the Complaint.

27. Answering paragraph 27 of the Complaint, Defendants state that on or about May 5, 2016, Defendants served Plaintiff with a copy of a legal pleading which was filed in a collection action against Plaintiff in Docket No. CV-2016-00931 in the Circuit Court for the First Judicial District in Laramie County, Wyoming. Defendants deny the remaining allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

29. Answering paragraph 29 of the Complaint, Defendants state that the legal pleading referenced was signed by Janae Ruppert. Defendants deny the remaining allegations contained in paragraph 29 of the Complaint.

## COUNT ONE, VIOLATIONS OF THE FDCPA

30. Defendants restate and incorporate by reference all of the answers in paragraphs 1 through 29, inclusive, specifically denying any violation of the FDCPA

31. Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

34. Defendants assert that paragraph 34 of the Complaint states a legal conclusion for which no answer or response is necessary. To the extent that an answer or response is required, Defendants deny the allegations in paragraph 34 of the Complaint.

## COUNT TWO, VIOLATIONS OF THE REGULATIONS

35. Defendants restate and incorporate by reference all of the answers in paragraphs 1 through 34, inclusive, specifically denying any violations of the regulations.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to allege and cannot prove any of the necessary elements of his claims.

3. Defendants' actions are ones that are specifically permitted by statute and therefore no violation of the Fair Debt Collection Practices Act exists.

4. Defendants' actions may have been the result of an unintentional act that resulted from a bona fide error.

5. Defendants reserve the right to assert additional defenses in the event additional defenses are discovered through discovery and/or through additional investigation.

WHEREFORE, Defendants request this Court dismiss Plaintiff's Complaint and deny him the relief requested, and enter judgment in Defendants' favor. Defendants also request this Court grant them an award of all costs incurred in defending this suit, and for such other and further relief as this Court deems just and proper.

Dated this 12th day of July, 2016.

BAILEY | STOCK | HARMON | COTTAM P.C.

*/s/ Henry F. Bailey, Jr.*
Henry F. Bailey, Jr.
Ronald J. Lopez
221 East 21st Street
P.O. Box 1557
Cheyenne, WY 82003
307-638-7745

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2016, I electronically filed the foregoing *Answer to Complaint* with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

George James
3422 Cribbon Avenue
Cheyenne, WY 82001

*/s/ Henry F. Bailey, Jr.*